IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STEVEN CURTIS BACHMEIER,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>SPRING CREEK CORRECTIONAL CENTER,<br><br>　　　　　　　　Respondent. | Case No. 3:25-cv-00075-SLG-MMS<br><br>**REPORT AND RECOMMENDATION<br>RE § 2241 PETITION [1]** |

## SCREENING REQUIREMENT

A court must "promptly examine" a habeas petition.[1] If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the Court must dismiss the petition.[2] 28 U.S.C. § 2241 ("Section 2241") provides federal courts with general habeas corpus jurisdiction.[3] Section 2241 is the proper avenue for a state prisoner who seeks to challenge his state custody when there is no state judgment, such as here, where a petitioner challenges his pretrial detention.[4] However, upon screening, it plainly appears that the petitioner is not entitled to relief, and his petition should be dismissed.

---

[1] Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts. *See also* Local Habeas Corpus Rule 1.1(c)(2) ("Except as otherwise specifically provided by statute, rule or order of the court… the Rules Governing Section 2254 Cases in the United States District Courts, apply to all petitions for habeas corpus relief filed in this court.").

[2] Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts.

[3] *Rasul v. Bush,* 542 U.S. 466, 473 (2004).

[4] *See Magana-Pizano v. INS,* 200 F.3d 603, 608 & n.4 (9th Cir. 1999).

## PROCEDURAL BACKGROUND

On March 31, 2025, Steven Curtis Bachmeier ("Bachmeier"), a self-represented pretrial detainee in the Spring Creek Correctional Center ("SCCC") in the custody of the State of Alaska Department of Corrections ("DOC"), filed a petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Section 2241")[5] in the United States District Court for the District of Columbia and paid the filing fee.[6] His petition was transferred to the District of Alaska on April 11, 2025.[7] Petitioner alleges, while separately referencing certain common sovereign citizen arguments, that he has been denied his Sixth Amendment right to a speedy trial due to it being ten years since his state criminal case was opened.[8] For relief, he appears to request release from custody and dismissal of the underlying criminal case.[9] On April 21, 2025, Petitioner filed a notice styled as objections,[10] raising additional sovereign citizen arguments, but these contribute little to the merits of the petition.[11]

---

[5] As this Court construes.
[6] *See,* Dkt. 1.
[7] Dkt. 2.
[8] Dkt. 1.
[9] *Id.* at 5–6.
[10] Dkt. 5.
[11] "Sovereign citizens share a common belief that the court system is 'a vast governmental conspiracy' controlled by complicated and enigmatic rules. [ ] They generally take the position 'that they are not subject to' federal laws and proceedings. [ ]." *See, United States v. Gougher*, 835 F. App'x 231, 233 (9th Cir. 2020) (describing this view as "profoundly flawed[.]").

The Court takes judicial notice[12] of Petitioner's ongoing criminal case, *State of Alaska vs. Bachmeier,* Case No. 3SW-15-00039CR.[13]  Petitioner was arraigned on March 10, 2015 for charges pertaining to assault, weapons, and tampering with evidence.  From then until August of 2017, it appears that Petitioner had multiple hearings, including representation, evidentiary, and bail proceedings.  His state case paused once he was brought into federal custody.

This Court will also notice his federal case, *United States v. Bachmeier*, 3:17-cr-00103-SLG.  In his federal case, he was arrested in August of 2017 and held in pretrial detention.[14]  After a jury trial, Petitioner was found guilty of mailing threatening communications and sentenced to 60 months imprisonment on January 17, 2020.[15]

Since the resumption of his state proceedings, the filings, which are not fully accessible to this Court, appear to concern competency and reflect the court denying Petitioner's motion to represent himself.

---

[12] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact."  BLACK'S LAW DICTIONARY (11th ed. 2019); *See also* Fed. R. Evid. 201*; Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).
[13] Publicly available records of the Alaska Trial Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.
[14] *United States v. Bachmeier*, 3:17-cr-00103-SLG, Dkt. 8.
[15] *United States v. Bachmeier*, 3:17-cr-00103-SLG, Dkts. 193 & 316.

## DISCUSSION

A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[16] The writ is "a vital 'instrument for the protection of individual liberty' against government power."[17] A federal district court may grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."[18] A petitioner may challenge his pretrial detention under Section 2241.[19] But a district court must dismiss a habeas petition if it raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted.[20]

### 1. Jurisdiction

A federal court lacks jurisdiction over claims of constitutional violations that are not within the "core of habeas corpus."[21] The core of habeas corpus is relief that "terminates custody, accelerates the future date of release from custody, [or] reduces the level of custody."[22] A writ of habeas corpus may only grant relief that if successful would

---

[16] *Rasul,* 542 U.S. at 473.
[17] *Gage v. Chappell,* 793 F.3d 1159, 1167 (9th Cir. 2015) (quoting *Boumediene v. Bush,* 553 U.S. 723, 743 (2008)).
[18] 28 U.S.C. § 2241(c)(3).
[19] *See Stow v. Murashige,* 389 F.3d 880, 885–8 (9th Cir. 2004) (citations and quotations omitted).
[20] 28 U.S.C. § 1915A(b).
[21] *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc).
[22] *Id.* at 929–30 (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring)).

"necessarily lead to his immediate or earlier release from confinement" or a "quantum change in the level of custody."[23]

Petitioner seems to request release from custody and dismissal of his underlying case.[24] His release is within the core of habeas relief, and accordingly, the Court's jurisdiction extends to the subject matter of this claim. However, Petitioner has named SCCC as the respondent. SCCC is not a proper respondent in this case.[25] Should the Court disagree with the below recommendations, Petitioner's filing must be amended to name an individual with custodial authority over him, rather than SCCC.

2. Exhaustion

The Petitioner has not exhausted his state remedies. "[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."[26] Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary."[27] State prisoners must give the

---

[23] *Id.* at 935; *Nettles v. Grounds ("Santos")*, 788 F.3d 992, 1005 (9th Cir. 2015) (holding that a federal district court had habeas jurisdiction over a petitioner's claim asking for a disciplinary record to be expunged, because the expungement would lead to a speedier release from punitive segregation.) (reheard en banc.).
[24] Dkt. 1 at 5.
[25] *See*, Rule 2(a), Rules Governing Section 2254 and 2255 Cases ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state ***officer*** who has custody.") (emphasis added).
[26] *Picard v. Connor,* 404 U.S. 270, 275 (1971).
[27] *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986).

state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review."[28]

Although 28 U.S.C. § 2241(c)(3) does not explicitly require exhaustion, federal courts "require, as a prudential matter, that habeas petitioners exhaust available judicial . . . remedies before seeking relief under § 2241."[29] "Where a petitioner seeks pre-conviction habeas relief, [the] exhaustion prerequisite serves two purposes: (1) to avoid isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims; and (2) to prevent federal interference with state adjudication, especially state criminal trials."[30] Courts may excuse the exhaustion requirement in § 2241 cases where any attempt to exhaust remedies would be futile,[31] where such remedies would be "inadequate or not efficacious," or where "irreparable injury" would result.[32]

Here, Petitioner has failed to show that he exhausted state court remedies by presenting federal constitutional or statutory claims in his ongoing criminal matter. Neither the state court docket records nor the allegations in the petition demonstrate that Petitioner

---

[28] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).
[29] *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004) (citation omitted).
[30] *Carden v. Montana*, 626 F.2d 82, 83–84 (9th Cir. 1980).
[31] *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012).
[32] *Laing*, 370 F.3d at 1000 (describing these exceptions in the context of administrative remedies and concluding that "[s]imilar concerns govern a court's determination of whether to excuse a failure to exhaust judicial remedies"); *see also Perez v. Ledesma*, 401 U.S. 82, 85 (1971) (holding that "special circumstances" can excuse failure to exhaust in "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown").

has raised in state court any claims cognizable in federal habeas. Courtview does not reflect Petitioner requesting relief from the Superior Court, the Alaska Court of Appeals, or the Alaska Supreme Court.[33] Additionally, he has not demonstrated that such attempt would be futile. Although the Court understands Petitioner's concerns about the lack of access to the courts, it cannot provide relief unless he first pursues these claims through the state court system.

### 3. *Younger* Abstention

Assuming jurisdiction and exhaustion, the Court would be bound to abstain from jurisdiction. A federal district court's habeas jurisdiction is limited. *Younger* abstention, first announced by the U.S. Supreme Court in *Younger v. Harris*,[34] directs that "[w]hen there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."[35] *Younger* abstention applies when the following four requirements are met:

(1) there is an ongoing state judicial proceeding;

(2) the proceeding implicates important state interests;

(3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and

(4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.[36]

---

[33] This Court expresses no opinion on whether an interlocutory appeal would be meritorious.
[34] 401 U.S. 37 (1971).
[35] *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013).
[36] *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021) (quoting *Page v. King*, 932 F.3d 898, 901–02 (9th Cir. 2019)).

If a case satisfies these four requirements, a federal court must abstain from exercising jurisdiction over it unless there is "a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate."[37] The Ninth Circuit has recognized an "irreparable harm" exception to *Younger* abstention that applies only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate."[38] The Ninth Circuit has applied this limited exception to a pretrial detainee's "colorable claim that a state prosecution [would] violate the Double Jeopardy Clause,"[39] to "a challenge to pretrial detention on the basis of a stale and scientifically invalid probable cause determination,"[40] to "a pretrial detainee's claim that he had been incarcerated for over six months without a constitutionally adequate bail hearing,"[41] and to a pretrial detainee's challenge to the "forcible administration of antipsychotic medications."[42]

Each of the four *Younger* factors are met here. First, there are ongoing state-initiated proceedings that implicate the state's important interest in the enforcement of its criminal laws.[43] Second, because Petitioner has not demonstrated that he does not have an adequate

---

[37] *Id.* (quoting *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018)).
[38] *Id.* (quoting *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987)).
[39] *Bean*, 986 F.3d at 1133–34 (quoting *Dominguez v. Kernan*, 906 F.3d 1127, 1131 n.5 (9th Cir. 2018)).
[40] *Id.* at 1134 (citing *Page*, 932 F.3d at 904).
[41] *Id.* (citing *Arevalo*, 882 F.3d at 766–67).
[42] *Id.* at 1135.
[43] *See Younger,* 401 U.S. at 45. *See also Kelly v. Robinson,* 479 U.S. 36, 49 (1986) ("The States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."); *Lammers v. Hutchins,* No. CV 18-9433-SJO (GJS), 2019 WL

state forum in which to pursue his federal constitutional claims, the third requirement is met. Finally, to the extent that Petitioner requests dismissal of his prosecution in addition to release, the fourth requirement is met.

The Petitioner has not alleged any specific facts that demonstrate an "extraordinary circumstance" warranting the Court's interference with the Alaska Court System's regular judicial procedure.[44] Neither the allegations in the Petition nor the state court records support a finding of harassment or bad faith on the part of the state prosecution that might warrant piercing the veil of abstention.[45] The emotional toll and inconvenience of defending criminal charges are not the kind of special circumstances or irreparable harm that justify federal habeas intervention.[46] For the foregoing reasons, the Court also finds that abstention is required under the *Younger* abstention doctrine.

**IT IS THEREFORE RECOMMENDED THAT:**

1. the Petition at Docket 1 be **DISMISSED without prejudice**;

2. the Clerk of Court be directed to enter a final judgment; and

---

1771658, at *2 (C.D. Cal. 2019) ("Plainly, state criminal proceedings implicate important state interests.").

[44] *Jones v. Perkins,* 245 U.S. 390, 391–92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial.") (citations omitted).

[45] *See Juidice v. Vail,* 430 U.S. 327, 338 (holding that bad faith exception "may not be utilized unless" petitioner can allege and prove that the state prosecution is "in bad faith or [is] motivated by a desire to harass"); *Kugler v. Helfant,* 421 U.S. 117, 126 n.6 (1975) (holding that bad faith "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction"); *Canatella v. California,* 404 F.3d 1106, 1112 (9th Cir. 2005) (holding that bad faith exception requires more than mere conclusory allegations to invoke).

[46] *Younger,* 401 U.S. at 46, 53–54.

3. a certificate of appealability not issue.[47]

DATED this 14th day of May, 2025, at Anchorage, Alaska.

MATTHEW M. SCOBLE
CHIEF U.S. MAGISTRATE JUDGE

Pursuant to D. Alaska Loc. Mag. R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than the CLOSE OF BUSINESS on **May 28, 2025**. Failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. *Miranda v. Anchondo*, et al., 684 F.3d 844 (9th Cir. 2012). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation. *United States v. Howell*, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed five (5) pages in length and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before the CLOSE OF BUSINESS on **June 4, 2025**. The parties shall otherwise comply with provisions of D. Alaska Loc. Mag. R. 6(a). Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

---

[47] 28 U.S.C. §2253(c)(1)(A). *See also Wilson v. Belleque,* 554 F.3d 816, 825 (9th Cir. 2009) ("[A] state prisoner who is proceeding under § 2241 must obtain a [Certificate of Appealability] under § 2253(c)(1)(A) in order to challenge process issued by a state court."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that a certificate of appealability may be granted only if the applicant made "substantial showing of the denial of a constitutional right," *i.e.*, showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotations and citations omitted)). Petitioner may request a certificate of appealability from the Ninth Circuit Court of Appeals.